UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
WILLIAM PIKULIN & SAVELY PETREYKOV,

                Plaintiffs,

      -against-

ALBERTO GONZALES, Esq.,
Attorney General of the United States of America;
LAWRENCE M. McKENNA, Federal Judge
of the United States District Court,
Southern District of New York; and
JAMES PARKISON, Clerk of the United States
District Court, Southern District of New York,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

07-CV-0412 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 26 2007 ★
PM
TIME A.M.

AMON, United States District Judge:

Plaintiffs William Pikulin and Savely Petreykov bring this *pro se* action against a judge and the Clerk of the Court of the United States District Court for the Southern District of New York ("S.D.N.Y."). Plaintiffs' application to proceed *in forma pauperis* is granted solely for the purpose of this Order. However, for the reasons set forth below, this action is dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiffs believe they were harmed as a result of a series of events that began in 1988, when a construction company they owned, W. P. Contractors, Inc., entered into a contract with the City of New York. (Complaint ¶ 9.) Beginning in 1995, Plaintiffs have made multiple attempts to litigate these issues in the courts of the Southern and Eastern Districts of New York.[1]

---

[1] On February 17, 1995, Plaintiffs filed suit in the S.D.N.Y. against the City University of New York. The S.D.N.Y. dismissed the amended complaint in 1996. Pikulin, et al v. The City University, 95 Civ. 01147 (LMM), 1996 WL 744896 (S.D.N.Y., Dec. 13, 1996). On appeal, the United States Court of Appeals for the Second Circuit ("Second Circuit") affirmed in part, vacated in part, and remanded to the district court. Pikulin v. City University of New York, 176 F.3d 598, 79 Fair Empl. Prac. Cas. (BNA) 1534 (2d Cir. 1999). On remand, the S.D.N.Y.

Apparently unhappy with the outcome of these initial cases, Plaintiffs filed this suit and another recent suit, Pikulin, et. al. v. The United States, et. al., 06 CV 3959 (CBA), in this Court, alleging that the judges and other judicial officers in the previous cases obstructed the litigation in those cases. The Court dismissed the recent case against the E.D.N.Y. officials by Order dated December 15, 2006.

The instant case names as defendants the Honorable Lawrence M. McKenna, the presiding judge in the original action in the S.D.N.Y.; the Clerk of Court for the S.D.N.Y., James Parkison (collectively, "the judicial defendants"); and Alberto Gonzales, the current Attorney General of the United States. Plaintiffs allege that the judicial defendants violated Plaintiffs' civil rights by permitting the City of New York to file "illegal motions," altering docket entries, refusing to enforce an alleged default judgment against defendant, refusing to accept for filing copies of previously filed documents, removing from the docket an August 5, 1996 Order issued by Judge McKenna, and intentionally mailing documents to an incorrect address. (Id. ¶¶ 20-22, 29, 45, 56, 78). Plaintiffs further allege that Judge McKenna denied Plaintiffs' motions and "unconstitutionally and unlawfully" refused to recuse himself. (Id. ¶¶ 31-34, 51.) Plaintiffs claim that these actions constitute violations of several sections of Title 28 of the United States

---

granted defendant's motion to dismiss on statute of limitations grounds. Pikulin, 95 Civ. 01147 (LMM), 2001 WL 913943 (S.D.N.Y. August 14, 2001). Simultaneously, Plaintiffs filed suit in the Eastern District of New York ("E.D.N.Y.") against International Fidelity Insurance Company, regarding the same alleged harm. Petreykov, et. al. v. International Fidelity Insurance Co., No. 95 CV 1428 (EHN). After their case was dismissed by this Court, Petreykov, No. 95 CV 1428, 1999 WL 1186807 (E.D.N.Y. Oct. 12, 1999) (granting defendant's motion for summary judgment), Plaintiff's appeal to the Second Circuit was dismissed on May 9, 2000, Petreykov, et al v. International, et al, No. 99-9471 (2d Cir. May 3, 2000). Two other cases, Petreykov, et al v. Vacco, et al, 97 Civ. 07473 (TPG), filed in the S.D.N.Y., and Petreykov, et al v. Bush, et al, 05 CV 05438 (CBA), filed in the E.D.N.Y. and then withdrawn, appear to be unrelated to these cases.

Code regarding the judiciary and judicial procedure, and of Plaintiffs' civil rights in violation of Sections 1981, 1983, and 1985(2) of Title 42 of the United States Code. (Id. ¶¶ 88-89.) Plaintiffs allege that the current United States Attorney General, defendant Alberto Gonzales, has deprived them of civil rights in violation of 42 U.S.C. §§ 1985(3) and 1986, and is "responsible for the crimes committed by [the judicial officials]." (Id.) Plaintiffs seek $500,000,000 in damages against the judicial defendants and $300,000,000 in damages against Defendant Gonzales. Plaintiffs further demand that this Court enforce an alleged "unopposed 'Willful Default Judgment #95 civ 1147 SDNY' from May 15, 1995," plus interest, in an amount of $423,267,080 against the City of New York, who is not a party to this case.

## DISCUSSION

### A. Standard of Review

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because Plaintiffs are *pro se*, their complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

### B. Judicial Immunity

All of Plaintiffs' claims against judicial officers acting in their judicial capacities must be dismissed, as judges are entitled to absolute immunity from suit. See Mireles v. Waco, 502 U.S.

9, 11 (1991). Absolute judicial immunity extends to court clerks who are performing tasks "which are judicial in nature and an integral part of the judicial process." Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997). Plaintiffs' allegations against the judicial defendants relate to judicial acts performed within their judicial capacities, including the Clerk's Office activities of filing and docketing legal documents and Judge McKenna's rulings on legal motions. These actions constitute an "integral part of the judicial process" and are therefore shielded from liability by absolute judicial immunity. "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In any event, all of Plaintiffs' claims would be time-barred. The statute of limitations for civil rights actions arising in New York is three years. Ish Yerushalayim v. United States, 374 F.3d 89, 91 (2d Cir. 2004) (per curiam).[2] The most recent allegation of wrongdoing occurred in 2001.

---

[2] Plaintiffs ostensibly base their claims against the judicial defendants on Sections 1981, 1983, and 1985(2) of Title 42 of the United States Code. Section 1983 allows individuals to bring suit against *persons* who, under color of *state* law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. §1983. Actions bringing constitutional claims against *federal* agents may be brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which permits recovery for some constitutional violations by federal agents, even in the absence of a statute conferring such a right. Carlson v. Green, 446 U.S. 14, 18 (1980). The statute of limitations for Bivens claims, as for Sections 1981, 1983, and 1985, is borrowed from the state law statute of limitations for personal injury actions. See Okure v. Owens, 816 F.2d 45 (2d Cir. 1987)(applying Wilson v. Garcia, 471 U.S. 261 (1985) and Section 214(5) of the New York Civil Practice Law and Rules to find a three-year statute of limitations for Section 1983 actions arising in New York State); Chin v. Bowen, 833 F.2d 21, 24-25 (2d Cir. 1987) (extending the Okure reasoning and the three-year statute of limitations to Bivens actions); King v. American Airlines, Inc., 284 F.3d 352, 356 (2d Cir. 2002) (noting that the timeliness of a section 1981 claim in New York is governed by the state's three-year personal injury statute of limitations); Paige v. Police Dep't of Schenectady, 264 F.3d 197, 199 n. 2 (2d Cir. 2001) ("The statute of limitations for actions brought pursuant to §§ 1983 and 1985 is three years.").

## C. Claims against the Attorney General

Plaintiffs argue that defendant Gonzales is liable, pursuant to 42 U.S.C. § 1985(3), for engaging in a conspiracy with the judicial officers, and that he is liable, under 42 U.S.C. § 1986, for failing to prevent the alleged conspiracy by the judicial defendants to violate Plaintiffs' rights. Plaintiffs have failed to state a violation of either of these provisions.

To make out a violation of 42 U.S.C. § 1985(3), a plaintiff "must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Brotherhood of Carpenters v. Scott, 463 U.S. 825, 828-29 (1983). With respect to the second element, a plaintiff must show that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Id. (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Thus, in order to maintain a claim for conspiracy under Section 1985(3), Plaintiffs must allege a deprivation of rights on account of their membership in a protected class. See Zemsky v. City of New York, 821 F.2d 148, 151 (2d Cir. 1987); Coakley v. Jaffe, 49 F. Supp. 2d 615, 626 (S.D.N.Y. 1999). Plaintiffs have made no allegation that they are members of a protected class or that the alleged misdeeds of the judicial defendants were the result of any class-based animus against them.

In order to establish a violation of Section 1986, a plaintiff must first establish a violation of Section 1985 which the Section 1986 defendant neglected to prevent. Brown v. City of Oneonta, 106 F.3d 1125, 1133 (2d Cir. 1997) ("[A] § 1986 claim must be predicated upon a valid § 1985 claim."). Buck v. Bd. of Elections, 536 F.2d 522, 524 (2d Cir. 1976) (Knowledge of the

5

wrongs conspired to be done in violation of § 1985 "is a statutory prerequisite to suit under ... § 1986."). As Plaintiffs have failed to state a valid Section 1985 claim, there is no basis for assertion of a claim under Section 1986.

In any case, these claims would be barred by the relevant statutes of limitations. Section 1985 actions are subject to a three-year statute of limitations. Paige v. Police Dep't of Schenectady, 264 F.3d 197, 199 n. 2 (2d Cir. 2001). Causes of action arising pursuant to Section 1986 must be brought within one year of accrual. 42 U.S.C. §1986.

## C. Reinstatement of Prior Claims Against the City of New York

Although Plaintiffs do not name the City of New York as a defendant in this action, part of the relief they seek is the reinstatement of an alleged default judgment against the defendant in their 1995 S.D.N.Y. case, the City University of New York ("CUNY"). Plaintiffs attach a copy of a Memorandum and Order issued by Judge McKenna on July 24, 1995, in which the court noted that CUNY had failed to respond to the amended complaint by May 15, 1995 and that default was entered by the clerk of the court. (Complaint, Ex. 7, Mem. & Order in 95 Civ. 1147, dated July 24, 1995). Thereafter, Plaintiffs had served CUNY with a proposed "Default Judgment" for $200,719,039.30. (Id.) In the July 24, 1995 Order, the court granted CUNY's motion to set aside the entry of default and permitted CUNY to file a late motion to dismiss. (Id.)

Even if Plaintiffs had named the City of New York in this case, these claims would be precluded by the doctrines of collateral estoppel and res judicata. These doctrines "protect parties from having to relitigate identical claims or issues and . . . promote judicial economy." Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 731 (2d Cir. 1998). Collateral estoppel "bars a party from raising a specific factual or legal issue in a second action when the

6

party had a full and fair opportunity to litigate the issue in a prior proceeding." Id. Res judicata "bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies, whether or not the claim was actually litigated." Id. (quoting Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998)). Plaintiffs had a full and fair opportunity to litigate these issues against the City of New York in their previous case. Accordingly, collateral estoppel and res judicata operate to preclude Plaintiffs from relitigating these claims.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Carol B. Amon, USDJ

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
February 22, 2007